IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BENJAMIN ADAM WINDERWEEDLE, )
)
Plaintiff, )
)
v. ) Case No. 17 C 415
)
JULIA MICHELLE WINDERWEEDLE, )
)
Defendant. )

## MEMORANDUM ORDER

Very early last Friday (January 20) this Court's regular daily review of ECF entries via its iPhone disclosed the assignment of this action to its calendar. Understandably, the identity of the surnames of the parties on both sides of the "v." sign prompted this Court's suspicion that the lawsuit might have reflected the work product of a lawyer unaware of the judicially fashioned domestic relations exception to diversity jurisdiction, which eliminates such actions from the purview of the federal courts (see the treatment of that subject in 15 Moore's Federal Practice § 102.91 (3d ed. 2016)). And as such cases as Wis. Knife Works v. Nat'l. Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986) teach:

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

When later on the same day the Judge's Copy of the Complaint and its accompanying "Plaintiff's Petition for Federal Question" (the latter with attached exhibits) were delivered to this Court's chambers, those papers disclosed the action as having been brought pro se by Benjamin Adam Winderweedle ("Benjamin") against his ex-wife Julia Michelle Winderweedle ("Julia") and to have grown directly out of the state court divorce action between them, with Benjamin now asking this Court to intercede to block the state court's indirect civil contempt proceedings

against him. That effort to involve this District Court in the parties' domestic relations dispute calls for the immediate sua sponte issuance of this memorandum order -- on that score, see such cases as Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005) (internal citations and quotation marks omitted):

> Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must.

Layman Benjamin has used a printed form captioned "Complaint for Violation of Constitutional Rights" to bring this action, but of course Julia is not a "state actor" -- that is, not someone acting "under color of" state law -- within the meaning of 42 U.S.C. §§ 1983[1] (the principal source of federal-question jurisdiction referred to in Complaint ¶ 1).[2] Nor, clearly, do the parties qualify for diversity-of-citizenship jurisdiction. As for Benjamin's Petition and its attachments, they are a mish-mash of irrelevancy that creates no prospect of Benjamin's figurative entry into this District Court's courthouse door.

In sum, this action is dismissed for lack of federal subject matter jurisdiction. If Benjamin wishes to get relief from his current difficulties, he must do so within the precincts of the state court system.

_____
Milton I. Shadur
Date: January 24, 2017        Senior United States District Judge

---

[1] All further references to Title 42's provisions will simply take the form "Section --," omitting the prefatory "42 U.S.C. §."

[2] Though Sections 1985 and 1986 are also listed on the printed form, they are not even arguably called into play by Benjamin's allegations.